# EXHIBIT A

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CHARLES A. STEWART,** *Plaintiff,* v. **PEDRO OLIVERIO PATINO and BAKER ROOFING COMPANY** *Defendants.* | CIVIL ACTION NO: STCV22-00817 _____ |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, CHARLES A. STEWART, Plaintiff in the above-styled action and file this Complaint against Pedro Patino and Baker Roofing Company showing the Court as follows:

### I. PARTIES, JURISDICTION and VENUE

1. Plaintiff is a citizen and resident of Effingham County, Georgia.

2. Defendant Pedro Oliverio Patino ("Patino" or "Defendant Patino") is a citizen and resident of the State of Tennessee, Sumner County. Patino may be served with process at 2050 Springdale Lane, Apartment B205, Gallatin, Tennessee 37066.

3. Defendant Baker Roofing Company ("Baker" or "Defendant Baker") is a corporation formed and existing under the laws of the State of North Carolina with its principal place of business in Raleigh, North Carolina and is subject to the jurisdiction of this Court pursuant to O.C.G.A § 9-10-91. Defendant Baker maintains and conducts business with an office located at 1335 Lynah Avenue, Unit 107, Savannah, Georgia 31408. Defendant may be served with process by serving its registered agent, Incorp Services, Inc., at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350.

4. Baker is a roofing company engaged in business of providing a variety of roofing and other contracting services for compensation with locations across the southeast and does business in Georgia, including in and through Chatham County, Georgia.

5. This cause of action is based upon a motor vehicle collision occurring within the confines of Chatham County, Georgia.

6. This Court has jurisdiction pursuant to Article VI, Section III, Paragraph I of the Constitution of Georgia.

7. This Court has jurisdiction over the Defendants and venue is proper pursuant to Article VI, Section II, Paragraph IV and Article VI, Section II, Paragraph VI of the Constitution of the State of Georgia and O.C.G.A. § 33-4-1.

8. Jurisdiction and venue is proper in this Court.

## II. GENERAL ALLEGATIONS

9. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 8 as if fully stated herein.

10. On or about April 27, 2021, Plaintiff was traveling northbound on Georgia Highway (State Route) 21 near its intersection with Coldbrook Station Circle in Chatham County, Georgia.

11. At the same time, Patino was driving southbound on Georgia Highway (State Route) 21 and attempted to turn left onto Coldbrook Station Circle in Chatham County, Georgia.

12. Patino, suddenly and without warning, caused his vehicle to collide with the driver's side of the vehicle Plaintiff was driving.

13. Plaintiff was injured as a result of the collision.

14. At the time of the collision, Patino was driving a vehicle owned and/or provided by Baker.

## III. CAUSES OF ACTION

### Count 1 – Negligence and Negligence *per Se*

15. Plaintiff re-alleges and incorporate by reference all allegations contained in paragraphs 1 through 16 as if fully stated herein.

16. Patino had a duty to operate his vehicle in a safe and prudent manner so as not to endanger the lives and welfare of the Plaintiff and the general motoring public. This duty included keeping a proper lookout, paying attention, using proper turn signals, and operating his vehicle in a reasonable and prudent manner and in accordance with the conditions of the roadway and all traffic laws and regulations.

17. Patino breached his duty owed to Plaintiff in one or more of the following several way: (a) failure to yield the right of way in violation of O.C.G.A. § 40-6-71; (b) by failing to maintain his vehicle under proper control; (c) negligently causing a collision in the roadway; (d) by failing to keep a proper lookout; (e) by negligently failing to use or sound a signal or warning; (f) by negligently failing to make timely and proper application of brakes; (g) by failing to avoid striking Plaintiff's vehicle; (h) by failing to exercise ordinary care in the operation of the vehicle; (i) by driving the vehicle with reckless disregard for the safety of the Plaintiff and others in violation of several state statutes and regulations; and (j) by being otherwise negligent and careless in the operation of the vehicle.

18. The negligence and negligence *per se* of Patino directly and proximately caused the Plaintiff's injuries and damages for which Plaintiff seeks to recover, which include, but are not limited to, physical injuries, physical and mental pain and suffering, medical expenses, lost ability to labor and to enjoy life, permanent injury, and incidental and consequential damages, all of which continue to accrue.

19. Plaintiff is entitled to recover his general and special damages proximately caused by Defendant Patino.

20. The negligence and negligence *per se* of Patino, acting as an agent and/or employee of Baker, were the proximate cause of the wreck which injured the Plaintiff.

21. At all times relevant to this Complaint, Patino was acting within the course and scope of her employment and/or agency with and for the benefit of Baker.

22. Baker is vicariously liable for the Plaintiff's injuries under the doctrine of *respondent superior* for the negligent acts of Patino.

23. Plaintiff is entitled to recover his general and special damages proximately caused by Defendant Baker under the doctrine of *respondent superior*.

**Count 2 - Negligent Hiring, Supervision, and Retention**

24. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 23.

25. At all times relevant to this Complaint, Patino was acting within the course and scope of his employment and/or agency with and for the benefit of Baker.

26. Baker had a responsibility to the general motoring public, including the Plaintiff to responsibly hire, retain, and/or supervise its employees and/or agents to drive a vehicle during the course of an employee and/or agent's employment.

27. Baker breached its duties to the general motoring public, including the Plaintiff, in one or more of the following several ways: (a) by negligently hiring, supervising, and/or retaining Patino was an employee and/or agent of Baker; (b) by failing to implement and utilize proper procedures to evaluate Patino's skills and expertise for skills and expertise for operating her vehicle as an employee and/or agent of Baker; (c) by failing to promulgate

and enforce company policies, procedures, and rules for the protection of the public, including the Plaintiff; and (d) by failing to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

28. Baker had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, and retention of their management, agents, and employees, including Patino.

29. Plaintiff is entitled to recover his general and special damages proximately caused by Baker's negligent acts and/or omissions.

## Count 3 – Negligent Entrustment

30. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 29 as if fully alleged herein.

31. At all times relevant to this Complaint, Patino was acting within the course and scope of his employment and/or agency with and for the benefit of Baker.

32. Baker had a responsibility to the general motoring public, including the Plaintiff to responsibly entrust its vehicles to accountable and responsible persons and to ensure their drivers' accountability and responsibility of Baker's operations.

33. Baker breached its duties to the general motoring public, including the Plaintiff, in one or more of the following several ways: (a) by negligently entrusting vehicle operation responsibilities to Patino; (b) by failing to implement and utilize proper procedures to evaluate Patino's skills for the operation of a vehicle as an employee and/or agent of Patino; and (c) by failing to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

34. Baker had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the entrustment of said vehicle to their management, agents and employees, including Patino.

35. Plaintiff is entitled to recover his general and special damages proximately caused by Baker's negligent acts and/or omissions.

### Count 4 – Damages and Injuries

36. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 35 as if fully alleged herein.

37. As a result of the negligent acts and omissions of Defendants Patino and Baker, for which Defendants are wholly at fault, Plaintiff suffered personal injuries which are ongoing and may be permanent in nature.

38. Plaintiff's personal injuries have been accompanied by and will continue to be accompanied by physical and mental pain and suffering, physical limitations and impairments, and an impairment on, and loss of enjoyment of life.

39. Plaintiff is entitled to recover from Defendants all general damages, past and future, which are the proximate result of any one or all of the Defendants' negligent acts and omissions.

40. As a result of the collision for which Defendants are at fault, Plaintiff has incurred and will continue to incur special damages in the form of medical bills, lost earning capacity, and other related incidental and consequential expenses. Plaintiff is entitled to recover all special damages in a full amount to be proved at trial, which currently includes, but is not limited to the following:

## SPECIAL DAMAGES

| | | |
|---|---|---|
| I. | Neurological Solutions | $ 29,831.00 |
| II. | Coastal Imaging | $ 1,013.00 |
| III. | St. Joseph's Hospital | $ 98,461.50 |
| IV. | OrthoFix (Bone Stimulator) | $ 4,995.00 |
| | **TOTAL** | **$ 134,300.50** |

41. Plaintiff is entitled to recover special damages, past and future, which are the proximate result of any one or all of Defendants' negligent acts or omissions.

WHEREFORE, Plaintiff respectfully requests:

(a) That summons and process issue and be served upon Defendants as provided by law;

(b) For a trial by a jury comprised of twelve (12) persons;

(c) For judgment in favor of Plaintiff and against Defendants;

(d) That Plaintiff be awarded all general damages, past and future, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

(e) That Plaintiff be award all special damages, past and future, in an amount to be proven at trial;

(f) Such relief as the Court deems just and proper.

THIS **17th** day of May, 2022.

RODEN LAW FIRM

*Jeffry J. Fitzpatrick, Jr.*
_____
Jeffry J. Fitzpatrick, Jr.
Georgia Bar No. 378987
*Attorney for Plaintiff*

333 Commercial Drive
Savannah, GA 31406
(912) 303-5850 (p)
(912) 303-5851 (f)
jfitzpatrick@rodenlaw.com